Vacated by Supreme Court, January 7, 2008

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-7884

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SHARITA LASHAWN PANKEY,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley. David A. Faber, Chief District Judge. (CR-05-94)

Submitted: July 31, 2006          Decided: August 22, 2006

Before WILLIAMS, TRAXLER, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Edward H. Weis, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Charles T. Miller, United States Attorney, Miller A. Bushong, III, Assistant United States Attorney, Beckley, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Sharita LaShawn Pankey pled guilty, pursuant to a written plea agreement, to intentionally distributing a quantity of cocaine base, in violation of 21 U.S.C. § 841(a) (2000). Pankey was sentenced following the Supreme Court's opinion in United States v. Booker, 543 U.S. 220 (2005). The district court applied the holding of Booker and sentenced Pankey to fifty-seven months imprisonment. On appeal, Pankey claims her sentence is unreasonable because the district court should have sentenced her below the guideline range to account for the 100-to-1 sentencing disparity between powder and crack cocaine sentences. Moreover, she claims the sentence is greater than necessary to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment under 18 U.S.C. § 3553(a) (2000).

Pankey's challenge to the 100-to-1 sentencing disparity between powder and crack cocaine sentences is foreclosed by our decision in United States v. Eura, 440 F.3d 625, 633-34 (4th Cir. 2006), petition for cert. filed (No. 05-11659)(June 20, 2006). Moreover, Pankey's sentence was both within the guideline range of 57-71 months and well within the statutory maximum of twenty years imprisonment. See 21 U.S.C. § 841(b) (2000). Because the district court appropriately treated the guidelines as advisory, and properly calculated and considered the guideline range and the relevant § 3553(a) factors, we find the sentence reasonable. See

<u>United States v. Green</u>, 436 F.3d 449, 457 (4th Cir.) (holding that a sentence within the properly calculated guidelines range is presumptively reasonable), <u>cert. denied</u>, 126 S. Ct. 2309 (2006); <u>Eura</u>, 440 F.3d at 632 ("To establish the reasonableness of a sentence, a district court need not explicitly discuss every § 3553(a) factor on the record.").

Accordingly, we affirm Pankey's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>