**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-7884**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

SHARITA LASHAWN PANKEY,

              Defendant - Appellant.

On Remand from the Supreme Court of the United States.
(S. Ct. No. 06-7975)

Submitted:  March 5, 2008         Decided:  March 17, 2008

Before WILLIAMS, Chief Judge, and TRAXLER and SHEDD, Circuit
Judges.

Vacated and remanded by unpublished per curiam opinion.

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne,
Appellate Counsel, Edward H. Weis, Assistant Federal Public
Defender, Charleston, West Virginia, for Appellant.  Charles T.
Miller, United States Attorney, Miller A. Bushong, III, Assistant
United States Attorney, Beckley, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sharita LaShawn Pankey pled guilty to one count of distribution of cocaine base, in violation of 21 U.S.C.A. § 841(a)(1) (West 1999 & Supp. 2007). At sentencing, Pankey argued that she was eligible for a sentence below the Sentencing Guidelines because the 100-to-1 crack cocaine to powder cocaine sentencing disparity was not applicable to her situation. The district court believed it was constrained to defer to the guidelines and sentenced Pankey to the low end of the properly calculated guidelines range of imprisonment. On appeal, we affirmed her sentence, noting her challenge to the sentencing disparity was foreclosed by United States v. Eura, 440 F.3d 625 (4th Cir. 2006) (holding that 100:1 ratio could not be used as basis for variance), vacated, 128 S. Ct. 853 (2008). See United States v. Pankey, No. 05-7884, 2006 WL 2457166 (4th Cir. Aug. 22, 2006) (unpublished). On January 7, 2008, the Supreme Court granted Pankey's petition for writ of certiorari, vacated this court's judgment and remanded the case for further consideration in light of Kimbrough v. United States, 128 S. Ct. 558 (2007). Pankey v. United States, 128 S. Ct. 856 (2008).

The Supreme Court decided in Kimbrough that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s

- 2 -

purposes, even in a mine-run case." <u>Kimbrough</u>, 128 S. Ct. at 575. <u>Kimbrough</u> thus abrogated <u>Eura</u>. Because <u>Kimbrough</u> relieves the court of being constrained by the guidelines when considering the crack/powder disparity, we vacate the sentence and remand for resentencing.

Thus, we vacate Pankey's sentence and remand to the district court for resentencing in light of <u>Kimbrough</u>. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>